Megan Yarnall, Janssen Malloy LLP, Eureka, CA, for Defendant-Appellee Blue Lake Rancheria

Lester John Marston, Rapport and Marston, Ukiah, CA, for Defendant-Appellee Tribal Court

Lester John Marston, Pro Se

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM **

James Raymond Acres appeals pro se from the district court's order dismissing his action for failure to exhaust tribal court remedies. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1248 (9th Cir. 2017) (motion to dismiss);

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Boozer v. Wilder*, 381 F.3d 931, 934 (9th Cir. 2004) (exhaustion of tribal court remedies). We affirm.

The district court properly dismissed Acres's action because Acres did not exhaust tribal court remedies and failed to demonstrate that exhaustion was excused. *See Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1200-01 (9th Cir. 2013) (a federal court may not make a ruling on tribal court jurisdiction until tribal court remedies are exhausted and "a tribal court ... must have acted in bad faith for exhaustion to be excused").

We do not consider arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Acres's motion to take judicial notice (Docket Entry No. 21) is denied.

**AFFIRMED.**

**Diem T. NGUYEN, Plaintiff-Appellant,**

v.

**NATIONSTAR MORTGAGE, LLC;
et al., Defendants-Appellees.**

No. 11-56774

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 26, 2017 *

Filed June 30, 2017

Diem T. Nguyen, Pro Se

James M. Hester, Esquire, Melissa Robbins Coutts, Esquire, Attorney, McCarthy & Holthus LLP, San Diego, CA, Jessica L. Yared, Esquire, Attorney, Houser & Allison, APC, Carlsbad, CA, for Defendant-Appellee Nationstar Mortgage, LLC

Jan T. Chilton, Attorney, Elizabeth Holt Andrews, Esquire, Jon D. Ives, Esquire, Attorney, Severson & Werson APC, San Francisco, CA, Kerry W. Franich, Severson & Werson, Irvine, CA, for Defendants-Appellees GMAC Mortgage Corp, GMAC Mortgage Corporation

Jessica L. Yared, Esquire, Attorney, Houser & Allison, APC, Carlsbad, CA, Melissa Robbins Coutts, Esquire, Attorney, McCarthy & Holthus LLP, San Diego, CA, for Defendant-Appellee Fannie Mae

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

### MEMORANDUM **

Diem T. Nguyen appeals pro se from the district court's order denying her Fed. R. Civ. P. 60(b) motion for relief from judgment in her action alleging federal and state law violations relating to her mortgage loan. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), and we affirm.

The district court did not abuse its discretion by denying Nguyen's Rule 60(b) motion filed on September 14, 2011 because Nguyen failed to demonstrate any grounds for relief. *See id.* at 1263 (grounds for reconsideration under Fed. R. Civ. P. 60(b)).

We lack jurisdiction to consider Nguyen's contentions regarding the dismissal of her underlying claims, the denial of leave to amend, and the denial of her first motion for reconsideration because the operative notice of appeal was timely only as to the denial of her second motion for reconsideration. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment or order appealed from).

We reject as without merit Nguyen's contention that the district court was required to hold a hearing before deciding her motion for reconsideration. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

Appellee's request for judicial notice (Docket Entry No. 12) is granted.

Nguyen's motion for appointment of pro bono counsel (Docket Entry No. 69) is denied.

Nguyen's motion for an extension of time to file a response to the court's order to show cause (Docket Entry No. 70) is denied as unnecessary. Nguyen's response was filed upon receipt at Docket Entry No. 73.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.